IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RAYMOND SEFAKOR YAO AZUMAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-29 |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, *ET AL.* ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on cross-motions for summary judgment regarding Respondents' denial of Petitioner's naturalization application.

On July 26, 2010, Petitioner Raymond Sefakor Yao Azumah was admitted to the United States as a lawful permanent resident. On July 11, 2012, Petitioner was convicted in Alexandria General District Court of embezzlement in violation of Va. Stat. Ann. § 18.2-111.

On December 15, 2013, Petitioner travelled to Ghana for a family visit and returned to the United States on January 21, 2014. While entering the United States through Washington Dulles International Airport, Petitioner was deemed an applicant for admission into the country by Customs and Border Protection ("CBP") because of his previous criminal conviction. A CBP

1

officer then examined Petitioner on February 20, 2014, and the Department of Homeland Security ("DHS") charged Petitioner as inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because of his conviction.

Accordingly, Petitioner was subject to removal proceedings before an immigration judge ("IJ"). The IJ terminated the proceedings without prejudice after Petitioner and DHS jointly moved to end them. During his removal proceedings, Petitioner never applied for a § 212(h) waiver of inadmissibility under the Immigration and Nationality Act ("INA"), which if granted, would have eliminated any basis for his potential inadmissibility.

On December 3, 2018, Petitioner filed his application for United States citizenship with Respondent United States Immigration and Citizenship Services ("USCIS"), a DHS agency. On July 5, 2019, USCIS informed him of its intent to deny the application. USCIS stated Petitioner was not eligible for naturalization because in its view, he had not been lawfully admitted to the United States when he last entered the country carrying a conviction of a crime of moral turpitude. On August 6, 2019, Petitioner responded by arguing he was still eligible because his status as a lawfully admitted permanent resident had not changed since he was first admitted to the United States in 2010. He further claimed that only an IJ had the authority to determine whether his status had changed, which could not have

occurred due to the termination of his removal proceedings. On March 5, 2020, USCIS denied Petitioner's naturalization application, and Petitioner sought a review and hearing of the denial pursuant to 8 U.S.C. § 1447(a). USCIS subsequently interviewed Petitioner and affirmed its denial on the grounds that he was not eligible to naturalize because, irrespective of the termination of his removal proceedings, he could not prove that he had been lawfully admitted upon his last entry to the United States. Both parties agree that at least under the color of law, Petitioner has lived in the United States as a lawful permanent resident since July 26, 2010.

On January 12, 2022, Petitioner brought the instant case seeking de novo review of USCIS' decision pursuant to 8 U.S.C. § 1421(c). Petitioner filed a motion for summary judgment on May 20, 2022, and Respondent filed its summary judgment motion on June 17, 2022. The motions have been fully briefed and this Court is prepared to rule on the papers.

The Federal Rules of Civil Procedure govern proceedings under 8 U.S.C. § 1421(c). Fed. R. Civ. P. 81(a)(3). Under Rule 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A district court reviews a USCIS decision denying a

naturalization application de novo, making its own findings of fact and conclusions of law. 8 U.S.C. § 1421(c); see also Injeti v. USCIS., 737 F.3d 311, 315 (4th Cir. 2013). Summary judgment is appropriate where the parties do not dispute the material facts underlying a USCIS decision. Dung Phan v. Holder, 722 F. Supp. 2d 659, 661 (E.D. Va. 2010).

The Court finds there are no material facts in dispute and this case is ripe for summary judgment.

"Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor the United States and against the claimant." United States v. Manzi, 276 U.S. 463, 467 (1928). A court has "the power to confer citizenship only in 'strict compliance with the terms of an authorizing statute.'" Cody v. Caterisano, 631 F.3d 136, 142 (4th Cir. 2011) (quoting INS v. Pangilinan, 486 U.S. 875, 884 (1988)). Under 8 U.S.C. § 1427(a), a person must meet several statutory requirements to be eligible for naturalization, and applicants have the burden of demonstrating their eligibility in every respect, Pangilinan, 486 U.S. at 886, by a preponderance of the evidence. 8 C.F.R. § 316.2(b).

At issue here is the requirement that "no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of [the INA]." 8 U.S.C. § 1429. The term "lawfully

admitted for permanent residence" is defined as the "status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20). Regulation 8 C.F.R. § 316.2(b) further clarifies that any such applicant for citizenship must not only demonstrate he was lawfully admitted as a permanent resident "in accordance with the immigration laws in effect at the time of the applicant's initial entry," but also at the time of "any subsequent reentry." Generally, US permanent residents need not demonstrate they were lawfully admitted into the country during their reentry because they are not treated as applicants for admission. See 8 U.S.C. § 1101(a)(13)(C). However, there is an exception for those permanent residents who are convicted of crimes "involving moral turpitude." See id. §§ 1101(a)(13)(C)(v); 1182(a)(2)(A)(i)(I). They are then treated like any other applicant for admission, Othi v. Holder, 734 F.3d 259, 267 (4th Cir. 2013), which for purposes of naturalization, means they have the burden of demonstrating their lawful admission. 8 C.F.R. § 316.2(b).

Both parties agree that Petitioner was convicted of a crime of moral turpitude, and was therefore rightly deemed an applicant for admission during his latest entry into the United States. The question then is whether Petitioner has demonstrated

5

by a preponderance of the evidence the lawfulness of his admission during his latest reentry, and thus eligible for naturalization.

Petitioner contends that because his removal proceedings were terminated, he was never determined to be inadmissible into the country and should therefore be presumed lawfully admitted. But that argument both misplaces the burden of proof in naturalization proceedings and overstates the significance of any findings, or lack thereof, in removal proceedings. It is Petitioner's burden to demonstrate by a preponderance of the evidence that he was lawfully admitted, not USCIS', and he has provided no evidence as to why his most recent entry was lawful. He did not receive a § 212(h) waiver, which would have excused his criminal conviction and eliminated any basis for his inadmissibility. See Leiba v. Holder, 699 F.3d 346, 348 (4th Cir. 2012). The fact that an IJ made no determination as to his inadmissibility in removal proceedings is irrelevant. With respect to matters of naturalization, neither USCIS nor this Court owes any deference to the findings or lack thereof by an IJ in removal proceedings. See Johnson v. Whitehead, 647 F.3d 120, 130 (4th Cir. 2011) ("Although immigration judges . . . have responsibilities in the immigration area, naturalization is not among them. Thus, DHS is the only body statutorily vested with the power to make naturalization decisions in the first

6

instance."); see also Nesari v. Taylor, 806 F. Supp. 2d 848, 868 (E.D. Va. 2011); Mobin v. Taylor, 598 F. Supp. 2d 777, 784-85 (E.D. Va. 2009). Therefore, Petitioner has not met his burden of demonstrating he was lawfully admitted when he last entered this country.

In the alternative, Petitioner argues that irrespective of the lawfulness of his latest entry, his undisputed status as a lawful permanent resident is sufficient to make him eligible for citizenship under 8 U.S.C. § 1429 because it demonstrates he was lawfully admitted at one point in time. He states that 8 C.F.R. § 316.2(b) is ultra vires insofar as it notes that to maintain eligibility for citizenship, an applicant's subsequent reentry must be lawful. However, 8 C.F.R. § 316.2(b) does not expand or redefine the requirements for citizenship under 8 U.S.C. § 1429, but rather clarifies that the statute's lawful admission requirement is ongoing. This is a reasonable interpretation of a statute that stresses the continuous nature of naturalization requirements: "No person . . . shall be naturalized unless such applicant . . . has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . . ." 8 U.S.C. § 1427(a).

For the aforementioned reasons, this Court finds that Respondents' motion for summary judgment should be granted, Petitioner's motion for summary judgment should be denied, and

7

USCIS' denial of Petitioner's naturalization application should be affirmed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 16, 2022